IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILBER CENTENO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | 3:18-CV-1321-D-BH |
| | ) | 3:15-CR-320-D-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on May 23, 2018, should be **DENIED** with prejudice.

**I. BACKGROUND**

Wilber Centeno (Movant) challenges his federal sentence in Cause No. 3:15-CR-320-D-1. The respondent is the United States of America (Government).

On September 11, 2015, Movant pleaded guilty to a one-count superseding information charging him with conspiracy to possess with the intent to distribute methamphetamine in violation of 21 U.S.C § 846. (*See* docs. 33, 68.)[1] The United States Probation Office (USPO) filed a Presentence Report (PSR) on December 11, 2015. (*See* doc. 47-1.) It stated that Movant was accountable for the equivalent of 481,541.8 kilograms of marijuana. (*See id.* at 9 ¶ 36.) Because he was accountable for 90,000 kilograms or more of marijuana, under the Drug Quantity Table in

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, No. 3:15-CR-320-D (1).

the United States Sentencing Guidelines (USSG) § 2D1.1(c)(1), his base offense level was 38. (*See id.*)  The PSR stated that Movant met the criteria for a two-point reduction under USSG §2D1.1(b)(17) for the safety valve, and a three-point reduction under USSG §3E1.1(a) and (b) for acceptance of responsibility. (*See id.* at 10 ¶¶ 38, 44, 45.)  It also assessed a two-point increase under §2D1.1(b)(5) because the drugs in this case were imported from Mexico, which increased the offense level to 35. (*See id.* at 9-10 ¶¶ 37, 46.)  Movant did not file any objections to the PSR.

On March 25, 2016, Movant was sentenced to 168 months' imprisonment, and judgment was entered on March 28, 2016. (*See* doc. 58, 59, 69.)  The Fifth Circuit Court of Appeals dismissed Movant's direct appeal under *Anders v. California*, 386 U.S. 738 (1967).  *See United States v. Centeno*, 677 F. App'x 191 (5th Cir. 2017).

Movant contends that his trial counsel was ineffective for failing to correct an arithmetic error at sentencing concerning his base offense level, and for failing to argue that he was a minimal or minor participant under Amendment 794 of the USSG. (*See* doc. 121 at 7; No. 3:18-CV-1321-D-BH, doc. 1 at 7.)  He also appears to allege that counsel was ineffective for failing to object to the drug quantity for which he was held accountable. (*See id.*)

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

2

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that his counsel was ineffective for failing to (1) contest his offense level, (2) argue that he was a minimal participant, and (3) object to the drug quantity attributed to him.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id*. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id*. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland,* 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id*. at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.     **<u>Offense Level</u>**

Movant claims that because his PSR "granted 5 points reduction from the original base offense level of 38," his "sentencing base offense level should have been 33." (*See* No. 3:18-CV-1321-D-BH, doc. 1 at 7.) He argues that his counsel was ineffective for failing to contest the arithmetic error.

The PSR calculated Movant's base offense level as 38. (*See* doc. 47-1 at 9 ¶ 36.) The two-point reduction under USSG §2D1.1(b)(17) for the safety valve, and the three-point reduction under USSG §3E1.1(a) and (b) for acceptance of responsibility, (*see id.* at 10 ¶¶ 38, 44, 45), reduced Movant's total offense level to 33. He also received a two-point increase under §2D1.1(b)(5) because the drugs were imported from Mexico, (*see id.* at 9-10 ¶ 37), however, which increased his total offense level to 35. (*See id.* at 10 ¶ 46.) There was no arithmetic error for Movant's counsel to contest, so his claim necessarily fails. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (explaining that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue").[2]

B.     **<u>Amendment 794</u>**

Movant argues that his counsel was ineffective for failing to argue that he qualified for a

---

[2] Movant begins his argument concerning the offense level with a statement that his counsel provided ineffective assistance "in relation to plea bargaining" by "fail[ing] to contest the correct guideline range." (*See* No. 3:18-CV-1321-D-BH, doc. 1 at 7.) This statement could be liberally construed as a claim that counsel was ineffective for failing to bargain for a specific recommended guideline range. He provides no support from the record for this claim, however. Movant fails to show what his counsel should have done, but failed to do. He fails to demonstrate how any action by his counsel was deficient. Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). To the extent that Movant raises a claim that counsel was ineffective during plea bargaining, it is conclusory and insufficient to entitle him to relief. *Woods*, 870 F.2d at 288 n.3; *Schlang v. Heard,* 691 F.2d 796, 799 (5th Cir. 1982); *see also Miller*, 200 F.3d at 282.

5

decrease in his offense level for being a minimal or minor participant based on Amendment 794. (*See* No. 3:18-CV-1321-D-BH, doc. 1 at 7.)

Section 3B1.2 of the USSG provides for a decrease in the offense level if the defendant was a minimal or minor participant in the criminal activity. *See United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016). Amendment 794 made revisions to the commentary of § 3B1.2, but it did not make substantive changes to that section. *See id.*; *United States v. Sanzhez-Villareal*, 857 F.3d 714, 719-21 (5th Cir. 2017).

Movant provides no record evidence to demonstrate that he qualified for an offense-level decrease under § 3B1.2, and he fails to demonstrate how any argument by counsel would have changed the outcome. His conclusory claim is insufficient to entitle him to relief. *See Smallwood*, 73 F.3d at 1351(quoting *Ross*, 694 F.2d at 1011-12); *Miller*, 200 F.3d at 282; *Woods*, 870 F. 2d at 288 n.3.

Moreover, at the sentencing hearing, Movant acknowledged that he had reviewed the PSR with his counsel and had no objections to it. (*See* doc. 69 at 3-4.) Paragraph 37 of the PSR states:

> **Specific Offense Characteristic**: The methamphetamine seized was imported from Mexico, in liquid form, and then converted to its crystal form prior to distribution. When agents searched the residence, there was some methamphetamine that had been converted, while there was a large amount still in the liquid form. Furthermore, the defendant admitted the source of supply was in Mexico, and the recorded phone calls regarding drugs were to a telephone number in Mexico. Thus, pursuant to USSG §2D1.1(b)(5), since the offense involved the importation of methamphetamine, *and the defendant is not subject to an adjustment under USSG §3B1.2 (Mitigating Role)*, 2 levels are added.

(*See* doc. 47-1 at 9-10 ¶ 37) (emphasis added.) Paragraph 40 of the PSR explicitly states that Movant received no offense level adjustment for his role in the offense. (*See id.* at 10 ¶ 40.) By

6

acknowledging that he had reviewed, and had no objections to the PSR, (*see* doc. 69 at 3-4), Movant implicitly agreed that a mitigating role adjustment for either minimal or minor participation did not apply. (*See* doc. 47-1 at 9-10 ¶¶ 37, 40.) Counsel was therefore not ineffective for failing to seek this adjustment. *See Kimler*, 167 F.3d at 893. Movant fails to establish that but for counsel's failure to seek an offense level reduction for minor or minimal role, the result of the proceeding would have been different. *See Glover*, 531 U.S. at 200.

C.  **Drug Quantity**

Movant claims that his counsel "was ineffective for failure to contest that petitioner plead guilty to a specific amount of drugs as presented by the prosecution in the plea agreement." (*See* No. 3:18-CV-1321-D-BH, doc. 1 at 7.) He alleges that "under counsel's ill advice [to accept a guilty plea for two kilograms of heroin, he] plead[ed] guilty to a quantity of drugs not specif[ied] in the indictment, nor possess[ed] or distributed by petitioner." (*Id.*) He appears to argue that his counsel was ineffective for failing to object to the drug quantity for which he was held accountable. He also appears to argue that his counsel was ineffective for failing to hold the prosecution to its "burden of proving the drug quantity charged as an element of the offense beyond a reasonable doubt." (*Id.*)

The initial indictment charged Movant with conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine and one kilogram or more of heroin. (*See* doc. 18, 21.) He ultimately pleaded guilty to a superseding information that charged him only with conspiracy to possess with the intent to distribute an unspecified amount of methamphetamine. (*See* doc. 26, 68.) At rearraignment, Movant affirmed that he understood the charge in the information, the plea agreement, the factual resume, and the Court's sole authority to determine the advisory guideline range and to sentence him above or below the that range. (*See* doc. 68 at 6-7, 10, 15-19, 21-22.)

7

Neither the superseding information, plea agreement, factual resume, or guilty-plea colloquy indicate that Movant was pleading guilty to a specific drug quantity. (*See* doc. 26, 28, 29, 30, 68.)

The PSR explained the drug quantity calculation:

> Pursuant to USSG §2D1.1, comment. (n.7 & 8(B)), when there are multiple drug types, the quantity of drugs are to be converted into their marijuana equivalent and then added together to determine a single base offense level. Pursuant to USSG §2D1.1, comment. (n.8(D)), 1 gram of heroin is equivalent to 1 kilogram of marijuana; and 1 gram of methamphetamine (actual) is equivalent to 20 kilograms of marijuana.

(Doc. 47-1 at 7 ¶ 27.) The PSR determined that Movant was accountable for a total marijuana equivalency of 481,541.8 kilograms; this total included a marijuana equivalency of 2000 kilograms for the 2 kilograms of heroin. (*See id.* at 7-8 ¶ 28.) The PSR explained that "[p]ursuant to USSG §2D1.1(c)(1), if the offense involved 90,000 kilograms or more of marijuana, the base offense level is 38." (*See id.* at 9 ¶ 36.) Even if the 2000 kilograms attributable were deducted from the total, Movant's total marijuana equivalency amount would still be well over the 90,000 kilograms for a base offense level of 38. He therefore cannot demonstrate that counsel was ineffective for failing to object that the total drug quantity included the marijuana equivalency for the heroin.

Movant also cannot demonstrate that his counsel was ineffective for failing to argue at sentencing that the drug-quantity for which he was responsible must be found beyond a reasonable doubt. Movant's statutory maximum possible term of imprisonment was no more than 20 years, and there was no mandatory minimum sentence. (*See* doc. 47-1 at 15 ¶ 76; 68 at 15.) At the sentencing hearing, the Court accepted the PSR's recommended guideline sentencing range of 168-210 months of imprisonment, and sentenced Movant to 168 months. (*See* doc. 69 at 7.) Because his sentence did not exceed the statutory maximum for his count of conviction, the Court was permitted to find

the relevant sentencing facts by a preponderance of the evidence. *See United States v. Romans*, 823 F.3d 299, 317 (5th Cir. 2016) (stating that when findings related to drug quantity and other guideline adjustments neither increase the defendant's mandatory minimum sentence nor cause the sentence to exceed the statutory maximum, the facts are only required to be proven by a preponderance of the evidence).

Movant fails to demonstrate that his counsel was ineffective for failing to object to the drug quantity for which he was held accountable. He has failed to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. He has failed to "affirmatively prove" that he was prejudiced by his counsel's alleged deficient performance, so has failed to demonstrate his counsel provided ineffective assistance. *Id.* at 687, 692-93.

## IV. RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

SIGNED on this 17th day of June, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE